**1814.**

Scholls
vs
Shriner

JOHNSON, J. The sureties of *Williams* were compelled, as such, to pay the money due from him to the state, and for their reimbursement the acts of assembly authorised them to bring such suits as *Williams* might—now *Williams* could have brought a suit, and recovered on the proof of the taxes having been due, and that they were paid by him to the state. The securities then can do the same; and it is of no moment whether they all together paid, or one of them paid, or the collector paid, for by substitution they stood in his place.

If A as surety for B, pays a debt due to C, on the proof of the payment, A could recover of B. He could recover on C's saying A had paid, and of course if C *wrote* that A had paid, surely it is evidence whether the writing was in a book or a letter.

When an act of assembly directs the certificate of a public officer to be evidence, a paper produced with his name will be evidence *prima facie*, unless the name is proved not to have been signed by him.

JUDGMENT AFFIRMED.

---

**DECEMBER.**                    SCHOLLS, *et al.* vs. SHRINER.

If the pleadings in a record transmitted to the court of appeals by writ of error, are entered short, the judgment must be reversed

ERROR to *Montgomery* County Court, on a judgment in an action of replevin, for the plaintiff, (now defendant in error.) The pleas, avowry and replications, were all stated short in the record. The verdict and judgment being for the plaintiff, the defendants brought a writ of error to this court.

The cause was argued before CHASE, Ch. J. and NICHOLSON, EARLE, and JOHNSON, J.

*Shaaff*, for the Plaintiff in error. This court has decided, that where the pleadings were not set out at length in the record, the judgment of the court below cannot be sustained.

No Counsel appeared for the Defendant in error.

JUDGMENT REVERSED